Curia, per DuNkin, Oh.
This court concur in the, view which has been taken of John Wagner’s will, and of the authority and obligation devolved by it on George Wagner.
*334 We also agree with the Chancellor that the lessees under Mrs. Wagner are entitled to compensation for their improvements, to the extent allowed them by the decree.
The legal title to the premises was in George Wagner, and by his will passed to Mrs. Wagner. When the whole of his will is taken together, it is not very certain that he intended to transcend the authority vested in him by his father’s will. He expressly refers to and recognizes that instrument, and charges his executrix and executor with the trusts declared by it. Whether he had done so or not, the legal title vested in his de-visee, charged with a trust, which the children were at liberty to enforce whenever they thought proper.
The lessees dealt with a person clothed with the legal title, and their leases were valid until the equitable rights of the children were interposed. These rights were never asserted during the life time of Mrs. Wagner, and we think that, to the extent that the actual value of the premises has been enhanced by the improvements, the lessees are entitled to compensation. , The decree gives them no more.
It is said in the decree that the lessees, “are entitled to an abatement for rent, commensurate to the interests of Mrs. Ann Wagner, acquired by purchase.” This may need explanation. It had been previously declared that the tenants were chargeable “only for reasonable rents for use and occupation, under the circumstances.” This fixes the mode and measure of accountability. If the tenants have any demand or set off against Mrs. Wagner, her interest in the premises may be subjected to the satisfaction of it, but they are not entitled out of it to an abatement for rent.
It is ordered and decreed that the appeal be dismissed.
Johnson and Johnston, CC. concurred.